UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JACOBY ERVIN,

      Movant,

                                     Case No. 1:16-CV-645

v.                                       (Criminal Case No. 1:14:CR:215-3)

UNITED STATES OF AMERICA,          HON. GORDON J. QUIST

      Respondent.
_____/

## **MEMORANDUM OPINION**

Movant, Jacoby Ervin, has filed a Motion to Vacate, Set Aside or Correct a Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255, arguing that he is entitled to relief pursuant to *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015), which held that the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1), is unconstitutionally vague. The Supreme Court has held that *Johnson* announced a new substantive rule that is retroactively applicable to cases on collateral review. *Welch v. United States*, __ U.S. __, 136 S. Ct. 1257 (2016). Ervin was not sentenced as a career offender under the ACCA. Instead, he was sentenced as a career offender under § 4B1.1 of the United States Sentencing Guidelines.

Although § 4B1.2(a)(2) of the Sentencing Guidelines contains a residual clause that is identical to the ACCA's residual clause, the Supreme Court has not yet said whether the reasoning in *Johnson* extends to the residual clause under § 4B1.2(a)(2). However, the Supreme Court is set to decide in its upcoming term whether the Sentencing Guidelines are subject to the same due process challenge upheld in *Johnson* and, if so, whether such is a new rule that is afforded retroactive application. *See Beckles v. United States*, No. 15-8544, __ U.S. __, __ S. Ct. __, 2016

WL 1029080 (U.S. June 27, 2016). The Sixth Circuit has held that the reasoning in *Johnson* extends to the residual clause in § 4B1.2(a)(2) of the Sentencing Guidelines, *United States v. Pawlak*, 822 F.3d 902 (6th Cir. 2016), but recently it concluded that, in light of the unanswered questions that *Johnson* raises with regard to the Sentencing Guidelines—particularly whether *Johnson*, if applied to the Sentencing Guidelines, would constitute a new substantive rule that applies retroactively—district courts should hold *Johnson*-related § 2255 motions in abeyance pending the Supreme Court's decision in *Beckles*. *In re Embry* __ F.3d __, 2016 WL 4056056, at *4–5 (6th Cir. July 29, 2016).

Pursuant to the Court's July 14, 2016 Order for a response, the Government has responded and states that, regardless of the pending issues to be considered in *Beckles*, the Court need not stay the case because Ervin is not entitled to relief in the first instance. That is because Ervin was not found to be a career offender under the residual clause of § 4B1.2(a)(2). Instead, he was sentenced as a career offender based on three prior convictions for felony drug trafficking offenses. Having reviewed Ervin's Presentence Investigation Report (PSR), the Court confirms that Ervin was in fact found to be a career offender based not on the residual clause, but instead because he had at least two previous felony drug trafficking convictions. (*See* PSR, ECF No. 184 at Page ID.788, ¶ 128; Page ID.789, ¶¶ 131–32.) Therefore, Ervin plainly is not entitled to relief under *Johnson*, regardless of the potential outcome in *Beckles*. *See Carter v. United States*, No. 1:15-CV-1196, 2016 WL 3027197, at *3 (W.D. Mich. May 27, 2016) (concluding that the movant could not rely on *Johnson* to save his untimely § 2255 motion because "Movant was not sentenced under the residual clause of the career-offender guideline. . . [but instead] was sentenced under the clause which identifies 'controlled substance' offenses as predicate offenses giving rise to the career-offender enhancement").

Having concluded that Ervin is not entitled to relief, the Court must next determine whether a certificate of appealability should issue under 28 U.S.C. § 2253(c)(2). A certificate should issue if the movant has demonstrated a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of certificates of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Because the Court concludes that Ervin's motion lacks merit, it likewise concludes that a certificate of appealability should not issue because no reasonable jurist would find the Court's conclusion debatable or wrong. Therefore, the Court will deny Ervin a certificate of appealability.

For the foregoing reasons, the Court will dismiss Ervin's § 2255 Motion and deny Ervin a certificate of appealability.

A separate order will enter.


Dated: August 25, 2016              /s/ Gordon J. Quist
                                    GORDON J. QUIST
                                    UNITED STATES DISTRICT JUDGE